<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VINCENT C. HART, SR.,<br><br>    Plaintiffs,<br><br>  v.<br><br>OSCAR AVILES, *et al.*,<br><br>    Defendant. | Civil No. 22-7132 (BRM) (CLW)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

  Before the Court is *pro se* plaintiff Vincent C. Hart, Sr.'s ("Plaintiff") civil rights complaint ("Complaint") filed pursuant to 42 U.S.C. § 1983 (ECF No. 1) and his application to proceed *in forma pauperis* (ECF No. 1-1). Based on his affidavit of indigence (ECF No. 1-1), the Court grants him leave to proceed *in forma pauperis* and orders the Clerk of the Court to file the Complaint.

  At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes the Complaint should be dismissed in its entirety.

**I. BACKGROUND**

  Plaintiff is an inmate confined in Hudson County Correctional Center ("HCCC"), in Kearney, New Jersey. (*See* ECF No. 1.) Plaintiff brings this civil rights action, pursuant to 24

U.S.C. § 1983, against HCCC's Acting Director Oscar Aviles ("Defendant").[1] The Complaint contains only the following allegation:

> Failed to establish a COVID-19 prevention policy necessary during this deadly pandemic and as a result of not implementing such protocols created unsanitary conditions in various ways which caused me to contract COVID on or around August 10, 2022.

(*Id.* at 4.) The Complaint is devoid of any further factual allegations.

Plaintiff seeks "any and all damages deemed fit by the Court for cruel conditions, health issues, mental conditions that jeopardize my life as well as my health in and out of jail, family concerns as to the further spread of COVID-19." (*Id.* at 6.)

**II. LEGAL STANDARD**

    **A. Standard for a *Sua Sponte* Dismissal**

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is

---

[1] In the caption of the Complaint, Plaintiff names HCCC as the defendant. However, Plaintiff only names Defendant Aviles as a defendant within the body of the Complaint. Therefore, the Court views Defendant Aviles as the sole defendant named in the Complaint. However, the Court notes that if Plaintiff is attempting to raise a claim against HCCC, that claim would be dismissed because a jail is not a "person" within the meaning of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.").

subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner who is proceeding as indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Therefore, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, the alleged

3

deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

## III. DECISION

### A. Supervisory Liability Claim

In the Complaint, Plaintiff alleges Defendant is liable to him under 42 U.S.C. § 1983 because Defendant failed to establish a COVID-19 policy which resulted in "unsanitary conditions" that caused Plaintiff to contract COVID-19. (ECF No. 1 at 4.) The Court construes Plaintiff's Complaint to assert a claim for supervisory liability against Defendant.

A plaintiff may establish supervisory liability under § 1983 by showing: (1) liability based on an establishment of policies, practices, or customs that directly caused the constitutional violation; or (2) personal liability based on the supervisor participating in the violation of the plaintiff's rights, directing others to violate the plaintiff's rights, or having knowledge of and acquiescing to a subordinate's conduct. *Doe v. New Jersey Dep't of Corr.*, No. 14-5284, 2015 WL 3448233, at *9 (D.N.J. May 29, 2015). "Allegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1987). "Only those defendants whose inactions or actions personally caused [Plaintiff's] injury may be held liable under § 1983." *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1147 (3d Cir. 1990). In other words, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode*, 845 F.2d at 1207.

"[T]o hold a supervisor liable . . . [for their deficient policy or practice] . . . the plaintiff must identify a specific policy or practice that the supervisor failed to employ and show that: (1) the existing policy or practice created an unreasonable risk of [a constitutional] injury; (2) the

4

supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133–34 (3d Cir. 2001) (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)).

The Third Circuit addressed COVID-19 in the prison setting in *Hope v. Warden York County Prison*, 972 F.3d 310 (3d Cir. 2020), explaining that when evaluating a detention facility's protocols, courts "must acknowledge that practical considerations of detention justify limitations on many privileges and rights," and "ordinarily defer" to the expertise of prison officials in responding to COVID unless there is "substantial evidence in the record that the officials have exaggerated their response" to the situation. *Id.*

In the Complaint, Plaintiff does not identify a specific policy or policies that Defendant failed to employ. Rather, Plaintiff makes a conclusory allegation that Defendant failed to establish a COVID-19 policy. Plaintiff makes a vague argument that the lack of COVID-19 policies created unsanitary conditions. Plaintiff's Complaint does not address what policies or protocols were in place to prevent the spread of the COVID-19 virus and how these policies were deficient. Plaintiff fails to address whether Defendant was aware that HCCC's COVID-19 policies created an unreasonable risk of a constitutional injury, nor does it address that Defendant was indifferent to said risk. Thus, Plaintiff has failed to state a claim under Section 1983 for supervisory liability. Accordingly, Plaintiff's claims against Defendant are dismissed without prejudice.

## IV. CONCLUSION

For the reasons stated above, the Complaint is **DISMISSED WITHOUT PREJUDICE** in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief may be granted. Because it is conceivable Plaintiff may be able to supplement his

pleading with facts sufficient to overcome the deficiencies noted herein, Plaintiff is granted leave to move to re-open this case and to file an amended complaint. An appropriate order follows.

Dated: February 1, 2023

                */s/ Brian R. Martinotti*
                **HON. BRIAN R. MARTINOTTI**
                **UNITED STATES DISTRICT JUDGE**